UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. HARRIS,

    Plaintiffs,                      CIVIL ACTION NO. 05 CV 40336

    v.                                DISTRICT JUDGE PAUL V. GADOLA

SANDRA CROWLEY, THOMAS      MAGISTRATE JUDGE VIRGINIA M. MORGAN
KIM, SANDRA SCHULTZ MENGEL,
and INGER Z. MEYER

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

    This is a prisoner civil rights action brought under 42 U.S.C. § 1983 in which plaintiff Michael Harris, an inmate in the custody of the Michigan Department of Corrections (MDOC), challenges the constitutionality of various Michigan statues and court rules governing the filing of post-conviction motions for relief and appeals. The defendants are (1) Sandra Crowley, the Clerk of the Jackson County Circuit Court, (2) Thomas Kim, a judicial assistant/court officer for Ingham County Circuit Court Judge Beverly Nettles-Nickerson, (3) Sandra Schultz Mengel, a Michigan Court of Appeals Clerk, and (4) Inger Meyer, a Michigan Supreme Court clerk.

    The district court referred the matter to this court for all pretrial proceedings pursuant to 28 U.S.C. § 636. The case comes before the court on the following motions: (1) plaintiff's

motion for declaratory and injunctive relief, (2) plaintiff's motion for summary judgment, (3) plaintiff's "motion to deny defendants' immunity defenses," (4) plaintiff's motion for "Antoine Doctrine relief,"[1] (5) defendant Crowley's motion to dismiss, (6) motion to dismiss by defendants Mengel and Meyer, (7) defendant Kim's motion to dismiss.  For the reasons stated below, the court recommends that defendants' motions be granted, that plaintiff's motions be denied, and that plaintiff' complaint be dismissed, with prejudice, in its entirety.

## II.  Background

Plaintiff is currently serving multiple life sentences on convictions for first-degree premeditated murder, felony murder, and second-degree murder arising out of proceedings in Jackson County, Ingham County, and Washtenaw County.  According to the MDOC's on-line Offender Tracking Information System, plaintiff has killed and/or raped several individuals.  In 1983, he was convicted of first-degree criminal sexual conduct in Jackson County and was sentenced to a term of imprisonment of 60 years.  Also in 1983, plaintiff was convicted on two charges of second-degree murder following separate trials in Ingham County and was sentenced to life imprisonment for each death.  Further, on April 7, 2003, plaintiff was sentenced to life imprisonment in Washtenaw County upon a jury verdict finding him guilty of first-degree premeditated murder and felony murder.  Finally, on December 29, 2003, plaintiff was sentenced

---

[1] This apparently refers to Antoine v. Byers & Anderson Inc., 508 U.S. 429 (1993), a case dealing with the issue of court reporters' immunity for civil damages.  Plaintiff does not discuss the case and its relevance to his claim is tangential at best.

to another term of life imprisonment in Washtenaw County upon a jury verdict finding him guilty of first-degree premeditated murder.

This action arises out of defendants' refusal to accept for filing various post-conviction motions and appeals plaintiff sought to file in an attempt to challenge his convictions and/or sentences. In early 2005, plaintiff filed in the Ingham County Circuit Court a "Petition for Correction of Void Conviction and Sentences Persuant [sic] to MCL 769.11." On April 22, 2005, defendant Kim wrote a letter to plaintiff stating that the petition would not be accepted for filing:

> "Judge Nettles-Nickerson has reviewed your request and has forwarded the matter to me for a response. Michigan Court Rule 6.429 addresses the correction and appeal of a prison sentence. Since your conviction was in 1983, this appeal is by leave and not by right. Pursuant to MCR 6.429(B)(4), your appeal will follow the procedures set forth in subchapter 6.500.
>
> MCR 6.502(G) permits one and only one motion for relief from judgment. The Court record indicates Judge Glazer denied your motion for relief from judgment on August 1, 2002. Per MCR 6.502(G)(1), the Judge is returning your petition. Your petition will not be filed."

(Exhibit 1, defendant Kim's motion to dismiss).

Plaintiff also attempted to file a second or successive motion for post-conviction relief in the Jackson County Circuit Court. On April 25, 2005, Circuit Judge Charles A. Nelson entered an order denying the motion on the ground that it was an impermissible successive motion under MCR 6.502(G).

Thereafter, plaintiff sought to file various writs and appeals in both the Michigan Court of Appeals and the Michigan Supreme Court. His filings were rejected on several grounds,

including that he had failed to pay the filing fee required by MCL 600.231(1)(a) and that the filings were untimely under MCR 7.302(C)(2).

Plaintiff has filed suit against the clerks of these courts, alleging that the statute and court rules defendants relied upon in refusing to accept his pleadings for filing – MCR 6.502(G), MCR 7.302(C)(2) and MCL 600.321(1)(A) – are unconstitutional and that defendants violated his constitutional rights by enforcing those provisions. He seeks a declaration to that effect as well as injunctive relief.

### III. Discussion

#### (A) Constitutionality of MCR 6.502(G)

Plaintiff's claims against defendants Kim and Crowley arise out of the application of MCR 6.502(G) to his motions for post-conviction relief. MCR 6.502(G) provides as follows:

> (1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment a defendant may not appeal the denial or rejection of a successive motion.
>
> (2) A defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first motion. The clerk shall refer a successive motion that asserts that one of these exceptions is applicable to the judge to whom the case is assigned for a determination whether the motion is within one of the exceptions.

Plaintiff makes no contention that defendants Kim and Crowley arbitrarily refused to accept his pleadings for filing. Rather, he contends that Rule 6.502(G) is unconstitutional and that its application to his motions constituted a violation of his due process and equal protection

rights under the Fifth and Fourteenth Amendments to the United States Constitution. Defendants Kim and Crowley contend, among other things, that plaintiff's claims against them are barred under the doctrine of collateral estoppel. Their invocation of that defense arises from Judge Cohn's dismissal of a prior suit brought by plaintiff against Jackson County Circuit Court Judge Nelson and Ingham County Circuit Court Judge Nettles-Nickerson in which plaintiff challenged the constitutionality of Rule 6.502(G), as he does in this action. Harris v. Nelson *et al.*, East. Dist. Mich. Case No. 04-73501. It is not altogether clear whether the doctrine of collateral estoppel should be applied to plaintiff's claims against defendants Kim and Crowley in this matter. However, the court need not reach that issue because, as discussed below, his constitutional claim is clearly lacking in merit. The court will thus dispose of the claim on the merits.

States have no obligation under the federal constitution to provide an avenue for an inmate to collaterally challenge his conviction. See United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086, 48 L.Ed.2d (1976); see also Pennsylvania v. Finley, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Thus, "a state may curtail or even abolish collateral review as it pleases." Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997).

The State of Michigan, in enacting MCR 6.502(B), placed reasonable restrictions upon an inmate's ability to file successive petitions for collateral relief. Given that the State is not constitutionally required to provide a mechanism for post-conviction collateral relief, such reasonable restrictions are clearly permissible under the due process and equal protection provisions of the U.S. Constitution. Again, plaintiff's claims against defendants Kim and

Crowley are based solely upon the allegation that MCR 6.502(B) is unconstitutional. He does not contend that they arbitrarily refused to accept his pleadings for filing. The court, having determined that the filing limitations of MCR 6.502(B) do not violate the U.S. Constitution, concludes that plaintiff has failed to state a claim on which relief may be granted against defendants Kim and Crowley and that his claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Constitutionality of MCL 600.321

Plaintiff further alleges that defendants Mengel and Meyer violated his constitutional rights by refusing to accept his various petitions for review on the ground that he failed to pay the filing fee required under MCL 600.321.

As a general matter, a state cannot condition an inmate's right to challenge his conviction upon his ability to pay a filing fee. See Smith v. Bennett, 365 U.S. 708, 709, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961)("[T]o interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws"). This rule applies not only to direct appeals, but to post-conviction collateral proceedings as well. See Long v. District Court of Iowa, 385 U.S. 192, 194, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966).

Under MCL 600.321, a party must ordinarily pay a filing fee of $375 in order to seek review of a judgment in the Michigan Court of Appeals or Supreme Court. However, MCL 600.321(4) provides a mechanism by which an indigent party may proceed without paying the requisite filing fee. That provision states the following:

> If a person is unable to pay the fees required by this section, the person, by motion, accompanied by the person's affidavit stating facts showing that inability, may ask the court to waive the fees and the court or a judge of the court may waive payment of the fees.

Michigan's filing fee statue thus does not close the courthouse door altogether to indigent litigants, nor does it otherwise favor those litigants with the financial means to pay the requisite fee over those who cannot afford to so.  Accordingly, MCL 600.321 does not run afoul of the Fourteenth Amendment's equal protection clause.  Further, the statute implicates no due process right.  Accordingly, plaintiff's claims against defendants Mengel and Meyer arising from their enforcement of the filing fee provision of MCL 600.321 are without merit and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C.  Constitutionality of MCR 7.302(C)(2)

Plaintiff also claims that defendant Meyers violated his equal protection and due process rights by rejecting his petition(s) for review on the alternate ground that he failed to file them within the 42-day time limit set forth in MCR 7.302(C)(2).  Plaintiff has presented the court with no authority holding that a state may not place a limit on the amount of time an inmate has to file a petition for discretionary review, and the court is not aware of any such authority.  Plaintiff's claim that MCR 7.302(C)(2) is unconstitutional is clearly lacking in merit and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### IV.  Conclusion

For the reasons stated above, the court recommends that defendants' motions to dismiss be **GRANTED**, that plaintiff's motions be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

      s/Virginia M. Morgan
      VIRGINIA M. MORGAN
      UNITED STATES MAGISTRATE JUDGE

Dated:   February 27, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. HARRIS,

       Plaintiffs,                         CIVIL ACTION NO. 05 CV 40336

      v.                                  DISTRICT JUDGE PAUL V. GADOLA

SANDRA CROWLEY, THOMAS        MAGISTRATE JUDGE VIRGINIA M. MORGAN
KIM, SANDRA SCHULTZ MENGEL,
and INGER Z. MEYER

       Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon Michael D. Harris and counsel of record via the Court's ECF System and/or U. S. Mail on February 27, 2006.

                                                 s/ J Hernandez
                                                 Case Manager to
                                                 Magistrate Judge Virginia M. Morgan