UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HARRIS,

                Plaintiff,

                              CIVIL CASE NO. 05-40336

v.

SANDRA CROWLEY, et al.,              HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT COURT
                Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS

     Before the Court are the following: Plaintiff's motion for declaratory and injunctive relief [docket entry 2]; Plaintiff's motion for summary judgment [docket entry 3]; Plaintiff's motion to deny Defendants' immunity defenses [docket entry 28]; Plaintiff's motion for "Antoine Doctrine" relief [docket entry 29]; Defendants Mengel and Meyer's motion to dismiss [docket entry 14]; Defendant Crowley's motion to dismiss [docket entry 15]; and Defendant Kim's motion to dismiss [docket entry 31]. Also before the Court is the Report and Recommendation of the Honorable Virginia M. Morgan, United States Magistrate Judge. The Magistrate Judge served the Report and Recommendation on the parties on February 27, 2006, and notified the parties that any objections to the Report and Recommendation must be filed within ten days of service. The Magistrate Judge recommended that the Court deny all of Plaintiff's motions, grant Defendants' motions, and dismiss Plaintiff's Complaint with prejudice. Objections and responses to the Report and Recommendation were timely filed. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation denying Plaintiff's motions and granting

Defendants' motions.

## I. Background

Plaintiff, an inmate in the custody of the Michigan Department of Corrections who is serving multiple life sentences on convictions for first-degree premeditated murder, felony murder, second degree murder, and other serious offenses, brings this civil rights action under 42 U.S.C. § 1983 challenging the constitutionality of various Michigan statutes and court rules governing the filing of post-conviction motions for relief. Defendants include a Clerk of the Jackson County Circuit Court, a judicial assistant/court officer for an Ingham County Circuit Court Judge, a Michigan Court of Appeals Clerk, and a Michigan Supreme Court Clerk.

## II. Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because objections were filed, this Court reviews de novo those

portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**III.     Analysis**

Here, Plaintiff objects to the Magistrate Judge's Report and Recommendation. After conducting a de novo review, the Court finds that the Magistrate Judge's reasoning and conclusions in the Report and Recommendation are sound. Therefore, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. Consequently, the Court finds that Plaintiff has failed to state a claim under which relief can be granted and Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Furthermore, the Court holds that Plaintiff's claims against Defendants are barred because of the doctrine of collateral estoppel. *See United States v. Dominguez,* 354 F.3d 839, 842 (6th Cir. 2004). In Case No. 04-CV-73501, the Honorable Avery Cohn, United States District Judge for the

Eastern District of Michigan, rejected Plaintiff's claims in a suit filed against Judge Charles Nelson. Plaintiff is now bringing the same claims in this current case, while simply naming a different defendant. Therefore, pursuant to the doctrine of collateral estoppel, Plaintiff's claims fail.

Moreover, Plaintiff's claims fail because district courts do not have the authority to review state court judgments pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). Though Plaintiff describes his claims as motions for relief, they are actually an attempt to appeal his state court convictions. Therefore, the Court does not have authority to consider Plaintiff's claims.

Additionally, the Eleventh Amendment to the United States Constitution precludes Plaintiff's claims against Defendants. Pursuant to the Eleventh Amendment, states are immune from suit by private citizens. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996). Suits against state officials acting within their official capacities are considered suits against the states. *See Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989). Here, Plaintiff asserts that Defendants were acting within their official capacities. Because Defendants are state actors acting within their official capacity, Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment.

Lastly, Plaintiff's claims must fail because Defendants are protected by, at least, quasi-judicial immunity. The Sixth Circuit has held that officers of the court are entitled to quasi-judicial immunity. *See Smith v. Shelby County, Tenn.,* 3 Fed. Appx. 436, 437-38 (6th Cir. 2001). Here, the Court finds that Defendants were performing quasi-judicial duties when processing Plaintiff's pleadings, and therefore, Defendants enjoy quasi-judicial immunity protection.

Because the Court agrees with the reasoning set out in the Magistrate Judge's Report and

Recommendation, and because Plaintiff's claims against Defendants fail for various other reasons discussed above, the Court concludes that Plaintiff's claims must be dismissed.

**ACCORDINGLY IT IS HEREBY ORDERED** that Plaintiff's objections [docket entries 40 and 42] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 38] is **ACCEPTED and ADOPTED** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for declaratory and injunctive relief [docket entry 2]; Plaintiff's motion for summary judgment [docket entry 3]; Plaintiff's motion to deny Defendants' immunity defenses [docket entry 28]; and Plaintiff's motion for "Antoine Doctrine" relief [docket entry 29] are **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Mengel and Meyer's motion to dismiss [docket entry 14]; Defendant Crowley's motion to dismiss [docket entry 15]; and Defendant Kim's motion to dismiss [docket entry 31] are **GRANTED.**

**IT IS FURTHER ORDERED** that this action, Civil Case No. 05-40336, is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated:  May 8, 2006                          s/Paul V. Gadola
                                             HONORABLE PAUL V. GADOLA
                                             UNITED STATES DISTRICT JUDGE

| |
|---|
| Certificate of Service<br><br>I hereby certify that on   May 8, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:<br>  Dawn C. M. Jack; John R. McGlinchey; Timothy M. Perrone; Joseph E. Potchen; Jerrold E. Schrotenboer                                                                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                          Michael D. Harris                         .<br><br>                                                                  s/Ruth A. Brissaud                <br>                                                                  Ruth A. Brissaud, Case Manager<br>                                                                  (810) 341-7845 |